JACOB BORETZ ET AL. *v.* WILLIAM H. SEGAR.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 8th—decided May 5th, 1938.

*Henry L. McGuire,* for the appellant (defendant).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellees (plaintiffs).

BROWN, J. Under their amended complaint the plaintiffs asked the foreclosure of a purchase money mortgage on a farm. By his cross-complaint the defendant, among other claims for relief, asked that a deed of the property given subsequent to the mortgage, by the plaintiff Sadie to her husband the plaintiff Jacob, be set aside. The defendant's fundamental claim before us is that no decree of foreclosure should have been granted, since the plaintiff Sadie, instead of recording her deed to him of the property mortgaged as agreed, fraudulently refused to do this and gave a deed of it to the plaintiff Jacob, thereby preventing the defendant from procuring a Federal Land Bank mortgage loan to be applied in reduction of the purchase money mortgage sued on as contemplated by their contract. No correction of the finding being sought, the question determinative of this appeal is whether the facts found and conclusions reached by the court, support its judgment granting a decree of foreclosure to the plaintiff Sadie.

The finding contains these facts material upon this issue. On May 1st, 1934, the plaintiff Sadie sold her farm situated in Lebanon, Franklin, and Bozrah to the defendant, and incident thereto the parties joined in a written agreement. The pertinent provisions of it were that the defendant was to apply for a Federal Land Bank mortgage on the property, and that the

amount so realized was to be applied in reduction of the $7000 purchase price, the unpaid balance of the defendant's first mortgage for that amount to stand as a second mortgage, payable in semiannual instalments of $100 each with interest at 6 per cent. per annum, the whole sum to be payable upon default. The contract further provided that the defendant was to build a hay barn on the premises, to be roofed in by August 1st, 1934, and for the application of proceeds from the milk produced upon the farm by the defendant. The plaintiff Sadie executed a warranty deed of the farm to the defendant, and he executed a note for $7000, the purchase price, payable to her on demand with interest at 6 per cent. per annum, and a mortgage of the property to secure it. When the note and deeds were executed, they were left with the attorney who attended their execution, to be recorded when instructed by the parties after certain arrangements had been made as to the marketing of the milk. Subsequently the plaintiff Sadie procured from the attorney the note and the two deeds, which were never recorded. The warranty deed remained in her possession until she produced it at the trial. Upon the execution of the deeds the defendant took possession of the farm and retained it until a receiver of rents was appointed in this proceeding in June, 1936. During this period the defendant expended several hundred dollars in erecting a barn and in making other improvements on the premises, but the amount of mortgage interest which meantime fell due and remained unpaid exceeded the total so spent by him. On January 18th, 1935, the plaintiff Sadie executed and delivered to the plaintiff Jacob, her husband, a warranty deed of the farm, and it was recorded in the Lebanon land records. The defendant did not apply to the Federal Land Bank for a mortgage loan on the farm as provided in his agree-

ment with the plaintiff Sadie. He could not successfully apply since title was not in him.

Certain facts found relative to the reason why the record title essential to such an application was not in the defendant, appear contradictory. However that may be, the trial court reached the conclusion, which is not attacked by the appellees, that the plaintiff Sadie's withholding of the warranty deed from record and conveying the property to the plaintiff Jacob, was a fraud on the defendant, and that the failure of the defendant to obtain the Federal Land Bank mortgage as agreed and for the purpose provided in the contract was due to the fact that he did not have title to the property. Having concluded that the plaintiff Sadie was guilty of this fraud, which rendered impossible the defendant's performance of his agreement to utilize the proceeds of a Federal Land Bank mortgage and a substituted second time-mortgage to her in payment of the mortgage foreclosed, the court erred in granting a decree of foreclosure to the plaintiff Sadie. This involved an exercise of its jurisdiction in equity exclusively. 1 Pomeroy, Equity Jurisprudence (4th Ed.) § 162. "It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into the court with clean hands. . . . The complainant ought not to be the transgressor himself, and then complain that by chance he has been injured on account of his own wrongful misconduct . . . the equity court will not lend him its jurisdiction to right a wrong of which he himself is the author." 1 Story, Equity Jurisprudence (14th Ed.) § 98. "Equity imperatively demands of suitors in courts fair dealing and righteous conduct with reference to the matters concerning which they

seek relief. . . . Under this maxim, any wilful act in regard to the matter in litigation, which would be condemned and pronounced wrongful by honest and fair-minded men, will be sufficient to make the hands of the applicant unclean." Story, Op. Cit., § 99. See also *LaFrance* v. *LaFrance,* 122 Conn. 556, 559, 191 Atl. 334; *Gest* v. *Gest,* 117 Conn. 289, 296, 167 Atl. 909; 10 R. C. L. 389, § 139.

All of the requisites essential to the application of this maxim are present in this case, since the finding makes clear that the plaintiff Sadie's warranty deed given to the defendant in return for the $7000 mortgage back by him, and the agreement of the parties that he should procure a Federal Land Bank loan to be utilized in the repayment thereof, constituted a single transaction. This is the transaction under consideration, the wrong done was to the defendant himself, and was in regard to the matter in litigation. *Lyman* v. *Lyman,* 90 Conn. 399, 406, 97 Atl. 312. As we said, in referring to this and other grounds upon which equitable relief by foreclosure will be denied, "if the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had." *Petterson* v. *Weinstock,* 106 Conn. 436, 442, 138 Atl. 433. The plaintiff Sadie is not entitled to a decree of foreclosure.

As is suggested by its finding, through an oversight the court failed in the judgment to order the warranty deed from the plaintiff Sadie to the defendant recorded in the land records as, in view of its conclusion above discussed, it should have.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for the defendant upon the complaint with costs, and also upon the cross-complaint declaring the warranty deed from the plaintiff Sadie to the plaintiff Jacob null and

void and setting the same aside and ordering the warranty deed from the plaintiff Sadie to the defendant recorded in the land records of the towns of Lebanon, Franklin, and Bozrah within three weeks of the announcement of this decision. The evidence upon the defendant's motion having been improperly incorporated in the record, no allowance for the printing thereof shall be included in the costs upon appeal.

In this opinion the other judges concurred.