The plaintiff instituted this action to foreclose mortgages on property located in Manchester, Connecticut (the "property"). The defendant, Bank of South Windsor ("South Windsor"), claims an interest in the property by virtue of a mortgage subsequent and subordinate to the plaintiff's mortgage. South Windsor has filed a special defense in which it has alleged that the State of Connecticut has condemned a portion of the property. South Windsor has the right to appeal the adequacy of the condemnation award, it may realize all or a portion of its mortgage indebtedness from the condemnation appeal. The special defense further alleges that the appeal may be instituted by the principal debtors in the future, and if the plaintiff is permitted to obtain judgment of foreclosure prior to the completion of the condemnation appeal, South Windsor's right to the condemnation CT Page 5478 proceeds will be extinguished.
The plaintiff has moved to strike the special defense on the grounds that it does not state any defense recognized by law.
The special defense does not allege any previously established defense to a foreclosure action. Connecticut has recognized the following defenses: payment, discharge, release or satisfaction, Connecticut Savings Bank v. Reilly, et al., 12 Conn. Sup. 327
(1944); accident, mistake or fraud, Borekz [Boretz] v. Segar,124 Conn. 320, 199 A. 548 (1938); unconscionability, Hann v. Taylor,180 Conn. 491, 29 A.2d 946 (1988); abandonment of security, Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939); and usury, Atlas Realty Corp. v. House, 120 Conn. 661, 183 A. 9 (1936).
The special defense does not address the plaintiff's mortgages at all. It pertains to the interests of a subsequent encumbrancer in the property, which are unrelated to the plaintiff's mortgages. The right to redeem has long been recognized as a method of protecting the interest of subsequent encumbrances in a foreclosure. See Lyons v. Robbins, 45 Conn. 513, 514-51 (1878). Redemption is based on the equitable principle that the court in a foreclosure action is to exercise fairness to all parties without impairment of the security of the foreclosing mortgage. Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 355, 579 A.2d 1054
(1990). South Windsor can also move for foreclosure by sale and protect its rights either by bidding at the sale or attempting to preserve its rights pursuant to a supplemental judgment after sale under 49-27 of the Connecticut General Statutes.
For the foregoing reasons, this motion to strike is granted.