[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff seeks to foreclose a purchase money mortgage encumbering defendant's condominium unit.
Defendant claims that plaintiff, in its mortgage commitment CT Page 9439 letter to him, conditioned the loan upon the requirements that at least 50% of the condo units in the complex, of which his is a part, be sold by the initial developer at or prior to the mortgage closing. Defendant also claims that at closing plaintiff's attorney misrepresented to him that this condition was satisfied and, as a result, he purchased his condominium unit, to his financial detriment.
Defendant makes these claims the basis of his special defense to plaintiff's action and argues that plaintiff should ultimately be denied a judgment of foreclosure.
In response, plaintiff moves to strike defendant's special defenses.
A motion to strike is the correct method to challenge the legal sufficiency of a special defense. Krasnow v. Christensen,40 Conn. Sup. 287, 288 (1985). "Its function. . .is to test the legal sufficiency of a pleading." Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
From the pleadings it appears that on January 15, 1980, the defendant executed the instant mortgage note and deed. On August 1, 1994 he stopped making the required monthly mortgage payments claiming, as justification for his default, plaintiff's misrepresentation regarding the satisfaction of a condition contained not in the mortgage note or deed, but in the mortgage commitment letter. Defendant relies on this external factor, that is, a factor outside either the note or mortgage, in all three of his special defenses.
Consequently, this is not a case where the mortgagor is prevented from satisfying a condition of a mortgage by accident, mistake or fraud. See Boretz v. Srgar, 124 Conn. 320 (1938). The condition at issue is contained in plaintiff's commitment letter; was inserted in same by plaintiff for its own benefit and was not to have been, nor could it have been, satisfied by the defendant.
Courts have not been receptive to defenses based on factors outside the note or mortgage, Provident Financial Service v.Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 134310 (Feb. 17, 1995, D'Andrea, J.);Shoreline Bank Trust Co. v. Leniniski, 8 Conn. L. Rptr. 522, CT Page 9440 524 (March 19, 1993, Celotto, J.), and defendant's arguments to the contrary do not convince, nor do equitable considerations compel this court to rule otherwise.
Therefore, plaintiff's motion to strike defendant's special defenses is granted.
WEST, J.