[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 126FORECLOSURE SHORT CALENDAR, DECEMBER 8, 1995)
The plaintiff, Berkeley Federal Bank Trust, FSB ("plaintiff"), brings this action against the defendants, Anthony K. Phillips, Marilyn Faye Phillips, Jordan Marsh (junior judgment lienor), and Southern New England Telephone (junior judgment lienor), seeking strict foreclosure of a mortgage encumbering the Phillips's home for default on a note from Anthony Phillips and Marilyn Phillips to Peoples Bank, dated January 8, 1988.[1] Marilyn Faye Phillips (hereinafter "defendant") appeared and filed an application for moratorium to stop the foreclosure action, CT Page 612 pursuant to General Statutes § 49-31d et seq., on November 10, 1994. The plaintiff filed an objection to that application on May 8, 1995, and the court, Tobin, J., sustained the plaintiff's objection on August 7, 1995. Thereafter, on September 7, 1995, the defendant filed an answer and the following special defenses: fraudulent misrepresentation, breach of an implied covenant of good faith and fair dealing, violations of General Statutes § 42-110a
et seq. ("CUTPA"), and the equitable doctrine of "unclean hands".
The plaintiff filed a motion to strike the four special defenses, together with a memorandum of law, on October 23, 1995. The defendant filed an opposition brief on November 15, 1995, and the plaintiff filed a reply thereto on December 8, 1995. In its memorandum of law, the plaintiff asserts that the defendant is prevented from filing special defenses because she filed an application for protection under General Statutes § 49-31d et seq., and that each special defense is legally insufficient. In her opposition brief, the defendant argues that filing an application for protection does not bar a homeowner from subsequently filing special defenses to the foreclosure action, that all of her special defenses are recognized in foreclosure actions, and that each of them is legally sufficient.
A motion to strike is the proper vehicle for contesting the legal sufficiency of a special defense. Practice Book § 152. In ruling on a motion to strike a special defense, the trial court will take the facts to be those alleged in the special defense(s) and will construe those defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
"[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., supra, 231 Conn. 389 n. 2, citing Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); "[A]ll well pleaded allegations are taken as true and no [other] evidence [may be] received." William Beazley Co. v. Business Park Assoc., 34 Conn. App. 801,805, 643 A.2d 1298 (1994), citing Kilbride v. DushkinPublishing Group, Inc., 186 Conn. 718, 719, 443 A.2d 922 (1982). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [special defense]." (Internal citations omitted.) Westport Bank Trust v. Corcoran,Mallin Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992), CT Page 613 citing Coste v. Riverside Motors, Inc., 24 Conn. App. 109, 111,585 A.2d 1263 (1991).
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud; Petterson v. Weinstock, supra,106 Conn. 442; equitable estoppel; Tradesman's National Bank of NewHaven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury; Atlas Realty Corp.v. House, 120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946
(1988); duress, coercion, material alteration, and lack of consideration. Dime Savings Bank v. Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989).
These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note.Lafayette Trust Co. v. D'Addario, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank TrustCo. v. Leninski, Superior Court, Judicial District of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.,8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J.,7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Dime Savings Bank v. Albir,
supra. See also The Bank of Darien v. Wake Robin Inn, Inc., supra; CT Page 614Eastrich Multiple Investor Fund v. Hewitt, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. Citibank v. McCue, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.); Provident FinancialService v. Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.).
The plaintiff's first argument is that all of the defendant's special defenses should be stricken because the defendant has waived her right to file special defenses by filing an application for protection from foreclosure action pursuant to General Statutes §§ 49-31d et seq. In support of its argument, the defendant cites to General Statutes § 49-31f(g), which provides that "[n]o homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section."
A literal reading of the language of General Statutes § 49-31f(g) demonstrates simply that a homeowner who files a special defense in a foreclosure action is prevented from thereafter
filing an application for protection under the section. The plaintiff's argument, however, seeks to obtain a converse result. Thus, the plaintiff has taken the position that once an application is filed under that section, the homeowner may not subsequently file a special defense in a foreclosure action. This converse reading of the statute is incorrect. The filing of an application for protection under General Statutes §§ 49-31d et seq. does not vitiate a homeowner's right to file special defenses in a foreclosure action after an application for protection has been filed. See Bancboston Mortgage Corp. v. McCormack, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 503184 (January 14, 1992, Satter, S.T.R., 8 CSCR 257);Dime Savings Bank v. Romano, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 284925 (June 17, 1992, Katz, J., 7 CSCR 890). The defendant's first argument, therefore, is without merit.
The plaintiff also argues that the defendant's first special defense, alleging fraudulent misrepresentation, should be stricken on the grounds that the defendant has not sufficiently pled the four elements required for fraudulent misrepresentation, that such CT Page 615 a special defense has been recognized only in very limited situations, that the allegations pled by the defendant do not attack the making, enforcement or validity of the note, and that allegations relating to post-default conduct by the mortgagee cannot form the basis of a special defense in a foreclosure action. In her opposition memorandum, the defendant argues that the special defense of fraud has been recognized in foreclosure actions and that, construing the allegations in a light most favorable to the defendant, the facts pled are sufficient to state a claim for fraud. The defendant also argues that all of her special defenses concern enforcement of the note.
An action for fraud or misrepresentation requires proof of four elements: (1) that a false representation was made as a statement of fact; (2) that it was untrue and was known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the other party acted on the representation to his injury. Web Press Service Corp. v. NewLondon Motors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987). In her first special defense, the defendant alleges, inter alia, that the plaintiff sent her a letter stating that the assignment of the mortgage and note from Peoples would not affect the terms of the mortgage, which was false in view of plaintiff's subsequent actions. The defendant also alleges that the plaintiff sent her a letter on July 24, 1994, stating that a foreclosure action was pending, although the plaintiff did not file a foreclosure action until October 24, 1994. The defendant asserts that the foregoing representations by the plaintiff were false, were intended to induce action by the defendant, and that the defendant "relied upon plaintiff's representations to her detriment". Although the defendant has alleged the elements necessary for a cause of action sounding in misrepresentation; Web Press Service Corp. v. NewLondon Motors, Inc., supra; the third and fourth elements are pled as mere legal conclusions, for the defendant has not alleged in what manner she acted to her injury and has not alleged what action the plaintiff intended to induce by its representations. In addition, even if the defendant had sufficiently pleaded a cause of action for fraud, her special defense fails to attack the making, validity, or enforcement of the note. Citibank v. McCue,
supra. Accordingly, the defendant's first special defense is stricken.
In addition, the plaintiff argues that the defendant's second special defense, alleging breach of an implied covenant of good faith and fair dealing, should be stricken on the grounds that it CT Page 616 does not attack the making, enforcement or validity of the note and that it is improper because it implicates post-default conduct by the mortgagee. The defendant argues that such a special defense has been allowed in foreclosure actions, that each of her special defenses concerns enforcement of the note.
The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the parties in the performance or enforcement of every contract. Magnan v. Anaconda Industries,Inc., 193 Conn. 558, 566, 479 A.2d 781 (1984), citing Restatement (Second) Contracts § 205 (1979). "Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Id., 567. "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles; seeCiticorp Mortgage Inc. v. Kerzner, 8 Conn. L. Rptr. 229, 230(January 15, 1993, Curran, J.); a defendant must plead sufficient facts to justify its application." Shawmut Bank v. Carriage HillEstates, Inc., Superior Court, Judicial District of Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
The defendant has not sufficiently alleged that the expectations of the contracting parties were other than those embodied in the note and mortgage, and, in addition, she has not alleged how the expectations of the parties were frustrated because of the plaintiff's actions. Moreover, the defendant's allegations do not attack the making, validity, or enforcement of the note itself. See Dime Savings Bank v. Albir, supra; Citibankv. McCue, supra. Accordingly, the defendant's second special defense is stricken.
The plaintiff argues that the defendant's third special defense, alleging violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq., should be stricken on the grounds that it does not attack the making, enforcement or validity of the note, that it is improper because it implicates post-default conduct by the mortgagee, and that the special defense is insufficient because the alleged violations are not based on the lien. CT Page 617
The criteria used to determine whether certain practices violate CUTPA are: "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen][.]" (Alterations in original, internal quotation marks omitted.)Associated Investment Co. Ltd. Partnership v. Williams AssociatesIV, 230 Conn. 148, 155, 645 A.2d 505 (1994).
The defendant has alleged that the plaintiff's practices in attempting to collect on the note were "aggressive, misleading, intimidating and unfair". This allegation is a mere conclusion of law, and as such, is insufficient to state a claim under CUTPA. See Provident Financial Services v. Berkman, supra. Additionally, even if the defendant has sufficiently alleged that the plaintiff's practices were unfair under CUTPA, the defendant has not alleged facts sufficient to demonstrate that those practices affected the making, validity, or enforcement of the note. Id. See also People's Bank v. Guttman, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 306692 (February 28, 1995, Hauser, J.). Accordingly, the defendant's third special defense is stricken.
Finally, the plaintiff argues that the defendant's fourth special defense, alleging that the plaintiff is barred by the equitable doctrine of unclean hands, should be stricken on the grounds that it does not attack the making, enforcement, or validity of the note, that the defense is improper because it implicates post-default conduct of the mortgagee, and that the doctrine of unclean hands, as a special defense to foreclosure actions, has been disfavored by the courts. The defendant argues that the doctrine of unclean hands has been recognized by the courts as a special defense in foreclosure actions and that her special defense relates to enforcement of the note.
"The equitable maxim that `he who comes into equity must come with clean hand' requires that in order for a litigant to show he is entitled to equitable relief, he must establish that he comes into court untainted. Pappas v. Pappas, 164 Conn. 242, 245-46,320 A.2d 809 (1973). This doctrine `is applied not for the protection of the parties but for the protection of the court.' CT Page 618 Id. 246." Shawmut Bank v. Carriage Hill Estates. Inc., supra.
The defendant cites Boretz v. Segar, 124 Conn. 320, 323,199 A. 548 (1938), for the proposition that the equitable doctrine of unclean hands is appropriately raised in a foreclosure proceeding. While it is true that in Boretz, the doctrine of unclean hands was used to bar a plaintiff, who had committed a fraud upon the defendant, from obtaining foreclosure, that case is factually distinguishable. The actions of the plaintiff constituting "unclean hands" in that case were directly related to the validity and subsequent enforcement of the deed. Id. Here, the defendant charges the plaintiff with unclean hands based on the plaintiff's conduct after the defendant defaulted on the note. These allegations do not relate to the making, enforcement or validity of the note referred to in the plaintiff's complaint. Moreover, the doctrine of unclean hands has generally been disallowed as a special defense in foreclosure action. Mechanics and FarmersSavings Bank v. Delco Development Company, Inc., 43 Conn. Sup. 408,656 A.2d 1075, aff'd, 232 Conn. 594, 656 A.2d 1034 (1995);Milford Bank v. Barbieri, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 43315 (August 30, 1994, Curran, J.); Shawmut Bank v. Carriage Hill Estates, Inc., supra;Founders Bank v. Belbusti, Superior Court, Judicial District of New Haven, Docket No. 314379 (December 27, 1993, Booth, J.);Gateway Bank v. Racquetball Spa, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 302425 (September 27, 1993, Lager, J.); Bristol Savings Bank v. Miller's Chevrolet,
Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 514407 (October 19, 1992, Aurigemma, J.). Accordingly, the defendant's fourth special defense is stricken.
For the foregoing reasons, the plaintiff's motion to strike is granted in its entirety.
WEST, J.