[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE, (NO. 122)
On November 29, 1994, the plaintiff, Berkeley Federal Bank Trust, commenced this foreclosure action naming as defendants Florence and Russell Rotko[1], the FDIC, as receiver of Mechanics and Farmers Savings Bank, Gail Selmon, Trustee and the State of Connecticut.
Plaintiff claims, as the basis for its action, the Rotko's default in the repayment of a note made in favor of People's Bank, dated January 26, 1976.[2]
On December 15, 1994, Florence Rotko thereinafter "defendant") applied for protection from foreclosure pursuant to General Statutes § 49-31d et seq., which was denied by the court, Tobin, J., on August 1, 1995. On September 8, 1995, the defendant filed an answer with the following special defenses: fraudulent misrepresentation, breach of an implied covenant of good faith and fair dealing, violations of General Statutes § 42-110a (CUTPA), the equitable doctrine of "unclean hands", equitable estoppel, waiver and prevention of payment.
On October 23, 1995, the plaintiff filed a motion to strike all of the defendant's special defenses, accompanied by a memorandum of law. On November 15, 1995, the defendant filed a memorandum in opposition of the plaintiff's motion to strike and the plaintiff filed a reply thereto on December 8, 1995.
A motion to strike is proper when a party challenges special defenses contained in the pleadings. Practice Book § 152(5). The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,
CT Page 1267-A228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992). Furthermore, "the court is obliged to assume the truth of the allegations contained in the defendant's special defense. . . ."Ivey, Barnum, O'Mara v. Indian Harbor Properties, Inc.,190 Conn. 528, 530, n. 2 461 A.2d 1369 (1983).
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud; Petterson v. Weinstock, supra,106 Conn. 442; equitable estoppel; Tradesman's National Bank of NewHaven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury; Atlas Realty Corp.v. House, 120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 497,429 A.2d 946 (1988); duress, coercion, material alteration, and lack of consideration. Dime Savings Bank v. Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989).
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note. LafayetteTrust Co. v. D'Addario, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank Trust Co. v.Leninski, Superior Court, Judicial District of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.,8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller, Superior Court, CT Page 1267-B Judicial District of Hartford/New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J., 7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Dime Savings Bank v. Albir, supra. See also The Bank of Darien v. Wake Robin Inn, Inc., supra; EastrichMultiple Investor Fund v. Hewitt, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. Citibank v. McCue, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.); Provident Financial Service v.Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.)
The plaintiff first argues that all of the defendant's special defenses should be stricken because she waived the opportunity to raise special defenses when she applied for protection from foreclosure pursuant to General Statutes §§ 49-31d
et seq. In support of its argument, the plaintiff cites to § 49-31f(g), which provides that "[n]o homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from foreclosure pursuant to the provisions of this section."
A literal interpretation of the plain language of General Statutes § 49-31f(g) clearly demonstrates that a homeowner who files a special defense in a foreclosure action is prohibited from filing an application for protection thereafter. The plaintiff is reading the statute incorrectly and reaching a converse result. The filing of an application for protection under General Statutes §§ 49-31d et seq. does not impair a homeowner's right to file special defenses in a foreclosure action after an application for protection has been filed. See Bancboston Mortgage Corp. v.McCormack, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 503184 (January 14, 1992, Satter, S.T.R., 8 CSCR 257); Dime Savings Bank v. Romano, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 284925 (June 17, 1992, Katz, J., 7 CSCR 890). Thus, it is evident that the defendant's first argument is without merit. CT Page 1267-C
The plaintiff also argues that the defendant's first special defense, alleging fraudulent misrepresentation, should be stricken on the grounds that the defendant has not sufficiently pleaded the four elements required for fraudulent misrepresentation and that facts alleging fraudulent misrepresentation do not attack the making, enforcement or validity of the note.
An action for fraud or misrepresentation requires proof of four elements: (1) a false representation was made as a statement of fact; (2) it was untrue and was known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party acted on the representation to his injury.Web Press Service Corp v. New London Motors, Inc., 203 Conn. 342,362, 525 A.2d 57 (1987). The defendant alleges in her answer that the plaintiff sent her a letter stating that the assignment of the mortgage and the note from People's Bank would not affect the terms of the mortgage. The defendant also alleges that the plaintiff sent her a letter on July 24, 1994, stating that a foreclosure action was pending although the plaintiff did not file a foreclosure action until October 24, 1994. The defendant asserts that the foregoing representations made by the plaintiff were, false, were intended to induce action by the defendant, and that the defendant "relied upon plaintiff's representations to her detriment."
Clearly, the defendant has failed to allege facts to satisfy the element of fraudulent misrepresentation since the defendant asserts mere legal conclusions. The defendant has not alleged in what manner she acted to her injury and what action the plaintiff intended to induce by its representations. In addition, her special defense fails to attack the making, validity, or enforcement of the note. Citibank v. McCue, supra. Accordingly, the defendant's first special defense is stricken.
Additionally, the plaintiff argues that the defendant's second special defense, alleging breach of the implied covenant of good faith and fair dealing, should be stricken on the ground that it does not attack the making, enforcement or validity of the note.
The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the parties in the performance or enforcement of every contract. Magnan v. Anaconda Industries,CT Page 1267-DInc., 193 Conn. 558, 566, 479 A.2d 781 (1984), citing Restatement (Second) Contracts § 205 (1979). "Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Id., 567. "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles, . . . a defendant must plead sufficient facts to justify its application." (Citation omitted.) Shawmut Bank v. Carriage HillEstates, Inc., Superior Court, Judicial District of Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
The court finds that the defendant has failed to allege any facts which show a breach of the covenant of good faith. The defendant has failed to allege that the expectations of the contracting parties were other than those embodied in the note and mortgage. Furthermore, the defendant's allegations do not attack the making, validity, or enforcement of the note itself. See DimeSavings Bank v. Albir, supra; Citibank v. McCue, supra. Accordingly, the defendant's second special defense is stricken.
The plaintiff argues that the defendant's third special defense, alleging violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., should be stricken on the ground that the violation is not based on the lien subject to foreclosure but arises from other acts.
The criteria used to determine whether certain practices violate CUTPA are: "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." (Alterations in original, internal quotation marks omitted.)Associated Investment Co. Ltd. Partnership v. Williams AssociatesIV, 230 Conn. 148, 645 A.2d 505 (1994).
The defendant alleges that the plaintiff's conduct "constitutes unfair and/or deceptive trade practices within the CT Page 1267-E meaning of [CUTPA], as a result of which defendant has suffered an ascertainable loss." However, the defendant's allegations are mere conclusions of law, and thus insufficient to state a claim under CUTPA. See Provident Financial Services v. Berkman, supra. Additionally, the defendants has not alleged facts sufficient to demonstrate that the plaintiff's practices affected the making, validity, or enforcement of the note. Id. See also People's Bankv. Guttman, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 306692 (February 28, 1995, Hauser, J.). Therefore, the defendant's third special defense is stricken.
Further, the plaintiff argues that the defendant's fourth special defense, alleging that the plaintiff is barred by the doctrine of unclean hands, should be stricken on the grounds that it does not implicate the making, validity or enforcement of the note and mortgage, and that the defense is improper because it implicates post-default conduct of the mortgagee/plaintiff.
"The equitable maxim that `he who comes into equity must come with clean hand' requires that in order for a litigant to show he is entitled to equitable relief, he must establish that he comes into court untainted. Pappas v. Papas, 164 Conn. 242, 245-46,320 A.2d 809 (1973). This doctrine `is applied not for the protection of the parties but for the protection of the court.' Id. 246." Shawmut Bank v. Carriage Hill Estates, Inc., supra.
The defendant cites Boretz v. Segar, 124 Conn. 320, 323,199 A. 548 (1938), for the proposition that the equitable doctrine of unclean hands is an appropriate special defense in a foreclosure action. However, Boretz may be distinguished from the case at hand. In Boretz, the actions of the plaintiff constituting unclean hands were directly related to the validity and subsequent enforcement of the deed. Id. Here, the defendant alleges that the plaintiff is guilty of unclean hands based on the plaintiff's conduct after the default on the note. Moreover, the doctrine of unclean hands has generally been disallowed as a special defense in a foreclosure action. Mechanics and Farmers Savings Bank v.Delco Development Company, Inc., 43 Conn. Sup. 408,656 A.2d 1075, aff'd, 232 Conn. 594, 656 A.2d 1034 (1995); Milford Bank v.Barbieri, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 43315 (August 30, 1994, Curran, J.); ShawmutBank v. Carriage Hill Estates, Inc., supra; Founders Bank v.Belbusti, Superior Court, Judicial District of New Haven, Docket No. 314379 (December 27, 1993, Booth, J.); Gateway Bank v.Racquetball Spa, Inc., Superior Court, Judicial District of CT Page 1267-F Fairfield at Bridgeport, Docket No. 302425 (September 27, 1993, Lager, J.); Bristol Savings Bank v. Miller's Chevrolet, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 514407 (October 19, 1992, Aurigemma, J.) Consequently, the defendant's fourth special defense is stricken.
The plaintiff also argues that the defendant's fifth special defense, alleging equitable estoppel, should be stricken on the ground that the defendant has failed to allege facts that give rise to an equitable estoppel defense.
"Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party . . . . For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." (Citations omitted; internal quotation marks omitted.) Rosenfield v. Metals Selling Corp., 229 Conn. 771, 793-94,643 A.2d 1253 (1994). The facts alleged in the defendant's answer do not demonstrate how the defendant was deprived of any funds, nor the actual detriment suffered by the defendant. The defendant alleges only that she changed her position in reliance of the plaintiff's statements and incurred an injury. These allegations are mere conclusions and insufficient to give rise to an equitable estoppel defense. Moreover, equitable estoppel defenses are limited to those which attack the making validity or enforcement of the lien. Teachers Insurance v. Broad and Hanrahan, Superior Court, Judicial District of Stanford/Norwalk at Stamford, Docket No. 132304 (June 28, 1995, Hickey, J.); Lawall Realty, Ltd.v. Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050, (March 1, 1994, Leuba, J.); NationalMortgage Co. v. McMahon, Superior Court, Judicial District of New Haven at New Haven, Docket No. 349246, (February 18, 1994, Celotto, J. 9 CSCR 300). Thus, the defendant's fifth special defense is stricken.
The plaintiff argues that the defendant's sixth special defense, alleging that the plaintiff waived its' foreclosure rights, should be stricken on the grounds that it fails to attack the making, validity or enforcement of the note and the defendant has failed to allege that the plaintiff intentionally relinquished its right to foreclose under the note and the mortgage. CT Page 1267-G
"In order for [a mortgagee] to have waived its right to a foreclosure, there would have to be an intentional relinquishment of that right on their part. Such relinquishment may be implied if the circumstances deem reasonable to do so. . . . The conduct of both parties is relevant in determining whether there has been a waiver." (Citations omitted.) Milford Bank v. Barbieri,
Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 043315, (August 30, 1994, Curran, J.). The plaintiff has failed to make any allegations which demonstrate that the plaintiff intentionally relinquished its right to foreclose under the note and mortgage. The defendant's waiver defense rests upon a claim that the plaintiff, by refusing to accept partial payment from the defendant, has waived its right to foreclose. However such allegations are insufficient to give rise to the defense of waiver. See Milford Bank v. Barbieri, supra, (where the defendant's waiver defense was based on a claim that the plaintiff refused the defendant's offer, the court held that the waiver defense was insufficient as the defendant failed to show that the plaintiff intended to relinquish its right to foreclose.). Furthermore, the defense of waiver is not valid because it fails to attack the making, enforcement or validity of the note or mortgage. Security Pacific National Trust Co. v. Rolny, Superior Court, Judicial District of Litchfield at Litchfield, Docket No. 065267 (July 31, 1995, Picket, J.). Therefore, the defendant's sixth special defense is stricken.
Finally, the plaintiff argues that the defendant's seventh special defense, which alleges that the plaintiff's refusal to accept partial repayment of any sums owed precludes it from obtaining foreclosure, should be stricken on the ground that it is not obligated to accept partial payments from the defendant.
"The conduct of a bank after the default in a mortgage note may result in a diminution in the interest a bank may recover . . . However, the concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain, the repayment of which has been agreed to by the defendant maker of a promissory note." Fleet Bank v. Barlas,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J.). See also Great Western Bank v. McNulty, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 139799 (March 16, 1995, D'Andrea, J.) (holding that a refusal to accept past due payments or accept a reasonable schedule to bring the defendant's CT Page 1267-H account current was not a valid special defense since mitigation of damages is inapplicable in foreclosure, and the defense did not address the making, validity, or enforcement of the note).
Moreover, in Bank of Boston v. Platz, 41 Conn. Sup. 587,596 A.2d 31 (1991) the court held that a deed in lieu of foreclosure is not equivalent to full payment of the underlying mortgage debt and the mortgagee's refusal to accept such a deed does not defeat its right to foreclose the mortgage. Id. Similarly, a refusal to accept partial payment of the underlying debt does not preclude the mortgagee's right to foreclose. Therefore, the defendant's seventh special defense is stricken.
Accordingly, the plaintiff's motion to strike the defendant's special defenses is granted in its entirety.
WEST, J.