[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
On August 7, 1995, the plaintiff, First National Bank of Chicago, commenced this foreclosure action against the defendants, Derrick and Charlie Davis, seeking foreclosure on the defendants' home for default on a note executed by the defendants on May 20, 1988, to Household Realty Corporation.[1]
On November 22, 1995, the defendants filed an answer with the following special defenses: the equitable doctrine of "unclean hands", a violation of General Statutes §§ 33-396 and 33-412,[2]
breach of implied covenant of good faith and fair dealing under common law and pursuant to General Statutes § 42a-1-203, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a. The defendants also allege in their special defenses that they are entitled to a set off on account of the plaintiff's tortious and unconscionable conduct, and they argue that the plaintiff's claim should be reduced or forfeited because of "unclean hands".
On March 19, 1996 the plaintiff filed a motion to strike all of the defendants' special defenses, accompanied by a memorandum of law. On March 29, 1996, the defendants filed a memorandum in opposition of the plaintiff's motion to strike.
A motion to strike is proper when a party challenges special defenses contained in the pleadings. Practice Book § 152(5). The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth orCT Page 3697accuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Furthermore, "the court is obliged to assume the truth of the allegations contained in the defendant's special defense. . . ."Ivey, Barnum, O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,530 n. 2, 461 A.2d 1369 (1983).
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud; Petterson v. Weinstock, supra,106 Conn. 442; equitable estoppel; Tradesman's National Bank of NewHaven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury; Atlas Realty Corp. v. House,120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1988); duress, coercion, material alteration, and lack of consideration.Dime Savings Bank v. Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt.Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456 (1989).
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note. LafayetteTrust Co. v. D'Addario, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank Trust Co. v.Leninski, Superior Court, judicial district of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.,8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J., 7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses CT Page 3698 which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Dime Savings Bank v. Albir, supra. See also The Bank of Darien v. Wake Robin Inn, Inc., supra; EastrichMultiple Investor Fund v. Hewitt, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. Citibank v. McCue, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.); Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.)
The plaintiff argues that the defendants' first special defense, alleging that the plaintiff is barred by the doctrine of unclean hands, should be stricken on the grounds that it does not implicate the making, validity or enforcement of the note and mortgage, and because it does not address the facts of the complaint.
"The equitable maxim that `he who comes into equity must come with clean hand' requires that in order for a litigant to show he is entitled to equitable relief, he must establish that he comes into court untainted. Pappas v. Papas, 164 Conn. 242, 245-46,320 A.2d 809 (1973). This doctrine `is applied not for the protection of the parties but for the protection of the court.' Id., 246."Shawmut Bank v. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
The defendants cite Boretz v. Segar, 124 Conn. 320, 323,199 A. 548 (1938), for the proposition that the equitable doctrine of unclean hands is an appropriate special defense in a foreclosure action. However, Boretz may be distinguished from the case at hand. In Boretz, the actions of the plaintiff constituting unclean hands were directly related to the validity and subsequent enforcement of the deed. Id. Here, the defendants allege that the plaintiff is guilty of unclean hands because the note attached to the complaint as Exhibit A is not a true and accurate copy of the note executed by the defendants. Whether the note attached to the complaint is an accurate copy of the original has no relevance with regard to the validity and making of the note. Moreover, the CT Page 3699 doctrine of unclean hands has generally been disallowed as a special defense in a foreclosure action. Mechanics and FarmersSavings Bank v. Delco Development Company, Inc., 43 Conn. Sup. 408,656 A.2d 1075, aff'd, 232 Conn. 594, 656 A.2d 1034 (1995); MilfordBank v. Barbieri, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 43315 (August 30, 1994, Curran, J.); Shawmut Bank v. Carriage Hill Estates, Inc., supra;Founders Bank v. Belbusti, Superior Court, judicial district of New Haven, Docket No. 314379 (December 27, 1993, Booth, J.); GatewayBank v. Racquetball Spa, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302425 (September 27, 1993, Lager, J.); Bristol Savings Bank v. Miller's Chevrolet, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 514407 (October 19, 1992, Aurigemma, J.) Thus, the defendants' first special defense is stricken.
For the reasons stated above, the defendants' third and sixth special defenses alleging a setoff claim and a forfeiture of the plaintiff's claim based on the doctrine of unclean hands is stricken because it relies on the same facts alleged in the first special defense.
The plaintiff argues that the defendants' fourth and seventh special defenses, alleging breach of the implied covenant of good faith and fair dealing, should be stricken on the ground that it does not attack the making, enforcement or validity of the note.
The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the parties in the performance or enforcement of every contract. Magnan v. Anaconda Industries,Inc., 193 Conn. 558, 566, 479 A.2d 781 (1984), citing Restatement (Second) Contracts § 205 (1979). "Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Id., 567. "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles, . . . a defendant must plead sufficient facts to justify its application." (Citation omitted.)Shawmut Bank v. Carriage Hill Estates, Inc., supra.
The defendant has failed to allege any facts which show a CT Page 3700 breach of the covenant of good faith. The defendant has failed to allege that the expectations of the contracting parties were other than those embodied in the note and mortgage. Furthermore, the defendants' allegations do not attack the making, validity, or enforcement of the note itself. See Dime Savings Bank v. Albir, supra; Citibank v. McCue, supra. Accordingly, the defendants' fourth and seventh special defenses are stricken.
The plaintiff argues that the defendants' fifth special defense, alleging violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., should be stricken on the grounds that it does not attack the validity or enforcement of the note and it does not sufficiently allege the required elements in order to properly raise a violation of CUTPA.
The criteria used to determine whether certain practices violate CUTPA are: "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." (Alterations in original, internal quotation marks omitted.) Associated Investment Co. Ltd.Partnership v. Williams Associates IV, 230 Conn. 148, 645 A.2d 505
(1994).
The defendants allege that the plaintiff's conduct are "a pattern of conduct that forms and constitutes business practices which so offends the public policy behind fair and honest business dealings and practices, as to constitute a violation by the plaintiff of [CUTPA]." The defendants' allegations are mere conclusions of law, and thus insufficient to state a claim under CUTPA. See Provident Financial Services v. Berkman, supra. Additionally, the defendants have not alleged facts sufficient to demonstrate that the plaintiff's practices affect the making, validity, or enforcement of the note. Id. See also People's Bank v.Guttman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306692 (February 28, 1995, Hauser, J.). Thus, the defendants' fifth special defense is stricken.
Accordingly, the plaintiff's motion to strike the defendants' special defenses are granted in its entirety. CT Page 3701
HICKEY, J.