[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, the Town of Windham, moves to strike the special defense of "unclean hands" interposed by the property owner, Stephen Massad, in this tax lien foreclosure action. The town is attempting to foreclose, liens levied upon the subject property for unpaid real estate taxes, unpaid water and sewer use charges, and unpaid relocation and emergency assistance expenses.
The special defense alleges that the Windham building officials improperly condemned the property resulting in the loss of rental income and creating the inability to pay the taxes, charges, and expenses. Paragraph 5 of the special defense avers that this unjustified condemnation "inflated" the taxes on the property. As a consequence, Massad contends that the town ought to be barred from foreclosing these liens.
A motion to strike "admits all the facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985).
Because a foreclosure action is an equitable proceeding, the doctrine of unclean hands can prohibit resort to its use, Boretzv. Segar, 124 Conn. 320, 323 (1938); Reynolds v. Ramos,188 Conn. 316, 320 (1982). The untoward behavior which purportedly sullies the foreclosing party, however must pertain directly to the transaction which generates the lien being foreclosed, Boretz v.CT Page 9790Segar, supra. In the context of municipal liens, the misconduct alleged must relate to the creation of the lien and not to other municipal activity, Voluntown v. Rytman, 21 Conn. App. 275, 283
(1990); Middletown v. 180 Johnson Road, Superior Court, Middlesex J.D., d.n. CV97-82578 (January 6, 1998).
Clearly, the suspect condemnation bears no relation to counts 1, 2, 3, 4, and 7, which pertains to foreclosure of real property taxes and water and sewer use liens. Superficially, the condemnation relates to the relocation and emergency assistance expense liens. The specific allegation of the special defense, however, fails to attack the creation or validity of those liens but rather claims that the negative financial impact on Massad by virtue of lost rent created the default which led to the imposition of the liens. The defense of unclean hands as set forth in the special defense, therefore, is unavailable, as a matter of law, to these counts, also.
The motion to strike the special defense is granted.
Sferrazza, J.