[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, New Milford Savings Bank (the Bank), moves to strike the special defense and counterclaim of the defendants, Maurice Jajer and Marie Jajer (Jajer), by motion dated April 21, 1999. The grounds for the Bank's motion are: (1) unclean hands is not a proper special defense in a foreclosure proceeding; and (2) Jajer's counterclaim, which alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq, contains no nexus between the alleged facts and Jajer's default. CT Page 14589
This case has a protracted procedural history. Jajer purchased three parcels of land in New Milford in 1987. The Bank, the mortgagee of the Jajer property, filed a complaint seeking foreclosure of the three parcels on November 12, 1992, on the ground that Jajer defaulted on the mortgage note. After the Bank filed its foreclosure complaint, Jajer commenced a bankruptcy proceeding. The court, Pickett, J., ordered strict foreclosure on August 22, 1994, with a September 19, 1994, law day.
After Jajer commenced a second bankruptcy proceeding, the Bank noticed that its complaint listed only two of the three parcels. The Bank moved to re-open the foreclosure judgment, which the court, Pickett. J., granted to allow the Bank to amend its foreclosure complaint to include the third parcel. The Bank amended its complaint to the list the third parcel on April 11, 1995.
Jajer claimed that he was unable to attend the foreclosure hearing on or about May 12, 1995, because he was disabled at the time and he had to attend a criminal proceeding in Hartford. The court, Pickett, J., entered a default against Jajer for failing to plead on May 12, 1995 and ordered strict foreclosure on May 15, 1995, with a June 13, 1995 law day.
Jajer appealed to the Appellate Court, which held General Statutes § 49-15 deprived the trial court of jurisdiction to open the judgment after title had vested in the Bank. See NewMilford Savings Bank v. Jajer, 44 Conn App. 588, 691 A.2d 598
(1997). The Supreme Court reversed the Appellate Court, holding that § 49-15 did not deprive the trial court of jurisdiction. See New Milford Savings Bank v. Jajer, 244 Conn. 251,708 A.2d 1378 (1998). The Supreme Court remanded the case to the Appellate Court.
The Appellate Court held that the trial court should have allowed Jajer to contest his default based on his alleged disability and General Statutes § 52-235b.[1] The Appellate Court remanded the case to the trial court on May 15, 1999. SeeNew Milford Savings Bank v. Jajer, 52 Conn. App. 69, ___ A.2d ___ (1999). Jajer filed an answer with, special defenses and a counterclaim on June 9, 1999.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaints to state a claim CT Page 14590 upon which relief can be granted." Peter-Michael. Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). In addition, a motion to strike is the proper vehicle to contest the legal sufficiency of counterclaims and special defenses. See Practice Book § 10-39(a). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Jajer alleges in its special defense that the Bank had unclean hands in attempting to enforce an foreclosure judgment. Specifically, Jajer claims that the Bank: (1) failed to give credit for proceeds when the Bank obtained its foreclosure judgment; (2) trespassed on the third parcel and disturbed Jajer's possession; (3) obtained a foreclosure judgment at a time when it knew Jajer could not be present in court; and (4) obtained a foreclosure judgment without following proper procedural requirements.
"A foreclosure action constitutes an equitable proceeding."Northeast Savings v. Hintlan, 241 Conn. 269, 275, 696 A.2d 315
(1997). "The doctrine of unclean hands has generally been disallowed as a special defense in foreclosure action." Mechanicsand Farmers Savings Bank v. Delco Development Company. Inc.,43 Conn. Sup. 408, 656 A.2d 1075, aff'd, 232 Conn. 594,656 A.2d 1034 (1995). The doctrine of unclean hands has been recognized as a valid defense in a foreclosure action when it relates to the making, enforcement, or validity of the mortgage note. SeeBerkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.)
Jajer argues that the case of Boretz v. Segar, 124 Conn. 320,199 A. 548 (1938), provides that unclean hands is a proper special defense in a foreclosure action. That case is significantly different than the case at bar. In Boretz v. Segar,
supra, the inequitable conduct was the failure of the mortgagee to record a mortgage note and warranty deeds properly. In the instant case, Jajer alleges that the inequitable conduct was the Bank's attempt to enforce the judgment of foreclosure. A mortgagee's post-default conduct cannot be the basis for a special defense of unclean hands when the conduct does not relate to the making, enforcement or validity of the note. See, e.g.,Nationsbanc v. Howell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164649 (December 16, CT Page 14591 1998, Rodriguez, J.); Berkeley Federal Bank Trust v. Phillips,
supra, Superior Court, Docket No. 317957.
Since Jajer's special defense of unclean hands in this case is based on the Bank's conduct after the Jajer defaulted on the note, the defense does not relate to the making, enforcement or validity of the note. Therefore, the Bank's motion to strike Jajer's special defense of unclean hands is granted.
"Section 42-110b (a) [of the General Statutes] provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA, [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businesspersons." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-Bradley Co.,250 Conn. 334, 367-68, ___ A.2d ___ (1999).
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "If a claim does not set forth how or in what respect the defendants' alleged activities are either immoral, unethical, unscrupulous or offensive to public policy, [a] motion to strike is granted, because a CUTPA claim requires those allegations." Computer Clearing House v.Stamford Computer Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164240 (October 5, 1998,D'Andrea, J.)
Although Jajer alleges that the Bank engaged in unfair and deceptive trade practices, his allegation is a legal conclusion. Jajer's counterclaim contains no allegation of how New Milford's actions in this case would give rise to a CUTPA claim. Therefore, the Bank's motion to strike the counterclaim is granted. CT Page 14592
The Bank's motion to strike Jajer's special defense of unclean hands and its motion to strike Jajer's CUTPA counterclaim are granted.
So Ordered.
THE COURT
PETER EMMETT WIESE, J.