[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT ROBERT A. GINSBURG, TRUSTEE'S SPECIAL DEFENSES AND COUNTERCLAIMS
This is a foreclosure action in which the plaintiff bank seeks to foreclose a mortgage on certain property located at 116 Farmington Avenue and 775 Asylum Avenue in Hartford. This defendant holds a second mortgage on the property located at 116 Farmington Avenue. His mortgage is junior to that of the plaintiff's.
The defendant apparently entered into an agreement with the plaintiff concerning property located at 765 Asylum Avenue, which agreement is the subject of his special defenses and counterclaims. The defendant claims that, in reliance on that agreement the plaintiff received more funds from another sale of property than the defendant.
The defendant alleges as his First Special Defense that the plaintiff breached the agreement by its failure to cooperate. His Second Special Defense alleges that the plaintiff failed to disclose that members of the firm of Krass Jacobson, which firm allegedly represented certain parties in the refinancing of the premises, had guaranteed payment of the note. The defendant alleges as his Third Special Defense that at the time of the agreement, the plaintiff knew and failed to disclose that the defendant had a defective mortgage on 765 Asylum Avenue. The defendant alleges as his Fourth Special Defense that the plaintiff and the defendant developed CT Page 3782 a fiduciary relationship in the course of their commercial relationship leading to the agreement, and that the plaintiff breached its fiduciary obligation to the defendant. The defendant alleges as his Fifth Special Defense that the plaintiff's actions under the circumstances surrounding the agreement were unconscionable. The defendant alleges as his Sixth Special Defense that the plaintiff's actions under the circumstances surrounding the agreement violated common law and Uniform Commercial Code duties of good faith. The defendant alleges as his Seventh Special Defense that under the circumstances surrounding the agreement the plaintiff is seeking equitable relief with unclean hands.
The defendant's Counterclaims mirror his Special Defenses with the exception that he alleges the plaintiff's conduct with respect to the agreement violated General Statutes 42-220a et. seq., and the defendant joins the allegations of the First and Second Special Defense into a single Counterclaim.
The plaintiff has moved to strike the Special Defenses and Counterclaims.
LAW AND CONCLUSION
The motion to strike challenges the legal sufficiency of the pleadings. The court must deem as admitted all well pleaded facts. See Practice Book 152, Mingachos v. CBS, Inc., et al, 196 Conn. 91, 100 (1985).
The issue presented to this court concerns the nature of the defenses available in a foreclosure action but more narrowly those available to junior encumbrancers.
Practice Book 164 articulates the nature of special defenses. "Facts which are consistent with such statements" (of fact by the plaintiff) "which show notwithstanding, that he has no cause of action, must be specially alleged."
In foreclosure actions, our courts have long recognized that such special defenses must address the making, validity or enforcement of the notes and mortgages which are the subject of the complaint. Connecticut Savings Bank v. Reilly, et al, 12 Conn. Sup. 327 (1944), payment, discharge, release or satisfaction; Boretz v. Segor, 124 Conn. 320 (1983), accident, mistake or fraud; Hamm v. Taylor, 180 Conn. 491
CT Page 3783 (1988), unconscionability; Lettieri v. American Savings Bank,182 Conn. 1, 12 (1980), equitable considerations.
Concerning the defenses which may be asserted by junior encumbrancers, however, the field is much narrower. The reason for this is obvious. The junior encumbrancer usually has no relationship to the making, validity or enforcement of the note.
Such a relationship was the subject of Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 782
(1991). In that case, the court held that in the absence of an express agreement or a showing of bad faith, a senior mortgagee owes no duty to a junior encumbrancer, except "one of good faith." In that case, the factual question concerned the claim by the second mortgagee that the bank owed it a duty to monitor the manner or amount of its disbursal of funds to the mortgagor.
In this case, there are, of course, allegations of bad faith made by this defendant against the plaintiff. These allegations, however, do not relate in anyway to the note and mortgage being foreclosed but to another agreement between himself and the plaintiff. Consequently, this court cannot relate the rationale of Carriage Lane to the defenses imposed here.
The defendant has filed a counterclaim alleging the same basic claims and allegations.
Practice Book 116 provides that a defendant may file a counterclaim against a plaintiff provided that "each such counterclaim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint."
Obviously, the agreement alleged by the defendant has no relationship whatsoever to the subject of the complaint, but deals only with alleged agreement violations and wrongs committed by the plaintiff against the defendant pursuant to another transaction. That transaction was separate and distinct from the subject of the complaint, and thus not an appropriate one for a counterclaim in this action. Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158,161 (1983). CT Page 3784
Accordingly, the plaintiff's motion to strike the defendant's special defenses and counterclaims is granted.
Freed, J.