[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES (DOCKET ENTRYNO. 162)
On October 31, 1996, the substituted plaintiff, Hillandale, LLC (Hillandale), filed an amended one count complaint in foreclosure against the defendant, Constantine Demas, et. al. Hillandale alleges in its complaint that on January 24, 1990, Constantine Demas and Nicholas Demas, now deceased, executed a note in the principal amount of $1,000,000 in favor of The Bank of Hartford, Inc. Hillandale further alleges that the note was secured by a mortgage on 675 Daniels Farm Road, also known as The Hillandale Country Club. Hillandale was substituted as party CT Page 5478 plaintiff by the court, Thim, J., on September 13, 1996. Hillandale also alleges that the note was guaranteed by the defendant, Mary's Journey, Inc.; that the note is presently in default; and, that the note has been accelerated. Additionally, Hillandale has alleged that the defendant, Emerald Financial Corp. (Emerald), et. al., may have an interest in the mortgaged property.
On November 19, 1996, Emerald filed its answer and three special defenses. In its special defenses Emerald alleges the following facts. In the spring of 1996, Hillandale agreed to purchase the subject property from its owners, however, it became apparent that the purchase price would not satisfy all of the lienholders. The owners of the property then agreed to release Hillandale from its agreement to purchase the subject property with the understanding that Hillandale would purchase the note and mortgage that are the subject of this action. Hillandale and the owners of the subject property further agreed that Hillandale would prosecute this foreclosure, without the opposition of the property owners, in order to extinguish the claims of the other defendants. Emerald alleges that this agreement constitutes conspiracy, collusion and fraud; that Hillandale has unclean hands; and, that Hillandale should be estopped from pursuing this foreclosure action.
On December 31, 1996, Hillandale filed a motion to strike Emerald's special defenses on the ground that they do not attack the making, validity or enforcement of the note and mortgage. Hillandale also filed a memorandum in support of its motion. Emerald filed a memorandum in opposition to Hillandale's motion to strike its special defenses on February 5, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, CT Page 5479634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
This court has previously stated that "special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) Praedium Chief LLC v. Sargent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330307 (August 21, 1996, West, J.). Furthermore, "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.).
"Concerning the defenses which may be asserted by junior encumbrancers . . . the field is much narrower. The reason for this is obvious. The junior encumbrancer usually has no relationship to the making, validity or enforcement of the note."Mechanics Savings Bank v. Townley Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531716 (April 7, 1994, Freed, J.)(9 CSCR 493). The Supreme Court has held that, in the absence of an express agreement, the only duty owed by a senior mortgagee to a junior encumbrancer is one of good faith. Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 782-83, 595 A.2d 334 (1991); and the court has acknowledged that collusion and fraud are tantamount to a lack of good faith. Id., 783.
Consequently, Emerald's allegations of collusion and fraud regarding the actions of Hillandale and the owners of the subject property made in its special defense can serve as a defense to foreclosure. Accordingly, Hillandale's motion to strike Emerald's CT Page 5480 special defense is denied.
WEST, J.