MECHANICS SAVINGS BANK *v.* TOWNLEY
CORPORATION ET AL.
(14333)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued June 1—decision released August 1, 1995

*Mary-Ellen W. Flatow,* for the appellant (defendant Robert A. Ginsburg).

*Jonathan B. Alter,* with whom, on the brief, was *Ann M. Siczewicz,* for the appellee (plaintiff).

O'CONNELL, J. This is a mortgage foreclosure action in which the defendant Robert A. Ginsburg, trustee, appeals from the judgment against him on his stricken counterclaims. He claims that the trial court improperly (1) found that a junior encumbrancer cannot raise a defense or counterclaim that does not relate to the making, validity, or enforcement of the mortgage note, (2) found that there was no legal or equitable basis on which he could raise special defenses and counterclaims, (3) found that he could not invoke the clean hands doctrine in spite of allegations of inequitable conduct by the plaintiff, (4) and failed to consider the allegations of bad faith and inequitable conduct by the plaintiff. We affirm the judgment of the trial court and dismiss the appeal in part.

The plaintiff, Mechanics Savings Bank, brought an action against the defendant Townley Corporation to foreclose a mortgage on a parcel of property located in Hartford. Ginsburg, a junior encumbrancer, was also named as a defendant because he held a subsequent lien on the subject property. Ginsburg filed an answer, special defenses and counterclaims, alleging that the

plaintiff had breached agreements with him regarding property other than the subject property. The trial court struck the counterclaims, holding that the agreements relied on by Ginsburg were transactions separate and distinct from the subject of the complaint. The trial court also struck Ginsburg's special defenses on the ground that the special defenses did not address the making, validity, or enforcement of the notes and mortgages that were the subject of the complaint. Upon Ginsburg's failure to replead, the plaintiff moved for judgment on the stricken counterclaims pursuant to Practice Book § 157. The motion was granted, and this appeal followed.

As a threshold matter, we must first consider the question of whether this appeal is properly before us. In his notice of appeal, the defendant states that he is appealing only from the judgment on his stricken counterclaims. In his statement of issues, however, the defendant complains about the striking of his special defenses as well as the striking of his counterclaims.

The granting of a motion to strike a special defense is not a final judgment and is therefore not appealable. *Breen* v. *Phelps*, 186 Conn. 86, 90, 439 A.2d 1066 (1982). The striking of special defenses neither terminates a separate proceeding nor so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Practice Book § 4002 (b) does not help the defendant because, although it allows appeal after judgment on certain stricken pleadings, it cannot be extended to include special defenses.[1] *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, 37 Conn. App. 222, 226, 655 A.2d 278 (1995). Accordingly,

---

[1] Practice Book § 4002 (b) provides in relevant part: "Where an entire complaint, counterclaim or cross complaint has been stricken, the trial court may, pursuant to Sec. 157, render judgment on such stricken complaint, counterclaim or cross complaint. . . ."

we cannot consider that portion of the defendant's appeal that pertains to the striking of his special defenses. That issue must await review in an appeal from the final decision on the merits of the case. *Breen* v. *Phelps*, supra, 90.

Practice Book § 4002 (b) does, however, allow an appeal when an entire counterclaim has been stricken and judgment has been rendered thereon. We will, therefore, review the judgment on the counterclaims. Insofar as they relate to the judgment on the counterclaims, we will consider the defendant's first two claims together.

The trial court struck the defendant's counterclaims because they did not satisfy the requirement of Practice Book § 116 that counterclaims arise out of the same transaction that is the subject of the plaintiff's complaint.[2] In the present case, the subject of the plaintiff's complaint is the foreclosure of a mortgage from the Townley Corporation of property at 116 Farmington Avenue and 775 Asylum Avenue in the city of Hartford.[3] The defendant's counterclaims had nothing to do with the mortgage foreclosure on this property, but related instead to an alleged agreement concerning the distribution of rental proceeds from the operation of different property.

"The transaction test is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion. . . . Where the underlying purposes of Practice Book § 78 [now § 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoid-

---

[2] Practice Book § 116 provides in relevant part: "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction . . . which is the subject of the plaintiff's complaint. . . ."

[3] Although bearing two street addresses, it is apparently only one piece of property.

ance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim], the [counterclaim] may properly be expunged." (Internal quotation marks omitted.) *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 161, 459 A.2d 525 (1983).

The disparity between the subject matter of the plaintiff's complaint and that of the defendant's counterclaims warranted the trial court's conclusion that they did not arise from the same transaction and that, therefore, joinder was impermissible. The trial court did not abuse its discretion in striking the defendant's counterclaims.

Because our decision on the first two issues is dispositive of the appeal, we do not reach the defendant's third and fourth claims.

That portion of the defendant's appeal that pertains to the defendant's special defenses is dismissed; the judgment striking the defendant Ginsburg's counterclaims is affirmed.

In this opinion the other judges concurred.