[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#119)
The plaintiff, First County Bank, filed a complaint on October 24, 1995, seeking foreclosure of a mortgage on property located at 511 and 519 Pacific Street, Stamford, against the defendant Graybar Seven, Limited Partnership. The complaint alleges that Graybar Seven defaulted on the note and mortgage. The defendant filed an answer and special defenses on January 26, 1996. On February 8, 1996, the plaintiff filed a motion to strike the special defenses. The defendant filed a memorandum in opposition on February 20, 1996.
A motion to strike is proper when a party challenges special defenses contained in the pleadings. Practice Book § 152(5). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a CT Page 4225-N claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ."S.M.S. Textile v. Brown. Jacobson. Tillinghast. Lahan andKing P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group. Inc., supra, 224 Conn. 215.
In Mechanics Savings Bank v. Townley Corp. the trial court granted a motion to strike a special defense. However, "[t]he granting of a motion to strike a special defense is not a final judgment and is therefore not appealable." Mechanics Savings Bankv. Townley Corp., 38 Conn. App. 571, 573, 662 A.2d 815 (1995).
The plaintiff first argues that the defendant's special defenses do not set forth the facts upon which they are based. The defendant first argues that the plaintiff did not set forth the reasons for the alleged deficiency in the special defenses on the face of the motion as required by Practice Book § 154, and that foreclosure is an equitable remedy which permits the court to consider all questions which are necessary in order to ensure that justice may be done.
The plaintiff filed a second motion to strike on March 5, 1996, identical to the first except that the motion sets forth the reasons for the alleged deficiencies in the motion to strike. Furthermore, the court has stated that, "the motion as supplemented by the memorandum of law was adequate to submit to the court the material issue concerning the alleged flaw in the plaintiff's complaint and was, therefore, sufficiently specific to comply with Practice Book § 154." Rowe v. Godou, 209 Conn. 273, 275,550 A.2d 1073 (1988).
The special defenses allege the following: "The plaintiff breached its agreement with defendants above listed in that it declined to refinance, declined to make verifications of payments, declined to accept welfare and social security checks and CT Page 4225-O unilaterally concelled [sic] overdraft privileges."
Practice Book § 164 provides, "[f]acts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." The special defense provides no clues as to what agreement the plaintiff breached or what the duty under the alleged agreement was. Without the barest of allegations as to the existence of the agreement, the court cannot sustain the defenses in equity or otherwise. Accordingly, the special defenses are stricken.
HICKEY, JUDGE.