[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (DOCKETENTRY NO. 130)
The plaintiff, Knutson Mortgage Corporation, initiated this foreclosure action against the defendant, Kathleen Williams. On April 11, 1997, the defendant filed an amended answer that contained six special defenses and four counterclaims. The special defenses allege the following: the plaintiff is not the holder-in-due-course of the note and mortgage (First Special Defense); the plaintiff's complaint fails to state a claim upon which relief may be granted (Second Special Defense); the plaintiff failed to give sufficient notice of default or acceleration (Third Special Defense); the plaintiff breached the implied covenant of good faith and fair dealing (Fourth Special Defense); the plaintiff violated the doctrine of unclean hands (Fifth Special Defense); and the plaintiff breached its fiduciary duty (Sixth Special Defense).
The defendant's counterclaims allege that the plaintiff CT Page 8736 breached its fiduciary duty (First Counterclaim); breached the implied covenant of good faith and fair dealing (Second Counterclaim); violated the Connecticut Unfair Trade Practices Act (Third Counterclaim); and violated the Fair Debt Collection Practices Act (Fourth Counterclaim).
On June 20, 1997, the plaintiff filed a motion to strike and a supporting memorandum.[1] The plaintiff moves to strike the defendant's special defenses and counterclaims on the ground that they are legally insufficient. The defendant filed a memorandum in opposition on July 28, 1997.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). In ruling on a motion to strike, the trial court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must be denied. Bouchard v. People's Bank, 219 Conn. 465, 471,584 A.2d 1 (1991).
First and Second Special Defenses
The defendant consents to the striking of the first and second special defenses as legally insufficient. (Memorandum in Support of Defendant's Objection, p. 16.)
Third Special Defense
The third special defense alleges that the plaintiff did not give the defendant proper notice of default or acceleration. Several superior courts have held that the failure to give proper notice of default and acceleration in contravention of the terms of the note or mortgage is a defense to a foreclosure action. See, e.g., Midconn Bank v. Mattera, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 461831 (January 16, 1997, Holzberg, J.); Ostrager v. Hasiuk,
Superior Court, judicial district of Tolland at Rockville, Docket No. 45414 (May 9, 1991, Dunn, J.). The defendant's "Brief CT Page 8737 Statement of Predicate Facts" alleges that the plaintiff "sent abusive harassing, fraudulent, deceptive and/or misleading communications . . . which failed to comply with the notice requirements contained in the note and Mortgage. . . ."[2]
Construing this defense most favorably to sustaining its legal sufficiency, this court will infer that the plaintiff did not give the defendant proper notice of default or acceleration as required by the terms of the note and mortgage.[3] It is, therefore, the court's opinion that the defendant's third special defense should not be stricken.
Fourth Special Defense
The fourth special defense alleges that the plaintiff breached the implied covenant of good faith and fair dealing. An allegation that the implied covenant of good faith and fair dealing has been breached is a valid defense to a foreclosure action. Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.); Provident Financial Service v.Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.);Bank of Boston Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.); National Mortgage Co. v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.) (9 C.S.C.R. 300); CiticorpMortgage. Inc. v. Kerzner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J.). Because the breach of an implied covenant of good faith and fair dealing is an equitable defense, it is proper only when it attacks the making, validity, or enforcement of the note or mortgage rather than some act or procedure of the mortgagee.Berkeley Federal bank Trust v. Rotko, supra, Superior Court, Docket No. 318648; Provident Financial Service v. Berkman, supra, Superior Court, Docket No. 135310; Bank of Boston Connecticut v.Calabrese, supra, Superior Court, Docket No. 118337; NationalMortgage Co. v. McMahon, supra, 9 C.S.C.R. 300.
The defendant maintains that the plaintiff violated the Connecticut Creditor's Collection Practices Act and the federal Fair Debt Collection Practices Act and failed to advise the defendant of her right to seek a judicial restructure of the loan. These violations, the defendant contends, constitute a breach of the implied covenant of good faith and fair dealing. CT Page 8738 (Memorandum in Support of the Defendant's Objection, p. 10.)
However, the defendant's allegations do not attack the making, validity, or enforcement of the note or mortgage. SeeProvident Financial Service v. Berkman, supra, Superior Court, Docket No. 135310 (the failure to negotiate following default does not address the making, validity, and enforcement of the note and is legally insufficient); Bank of Boston Connecticut v.Calabrese, supra, Superior Court, Docket No. 118377 (negotiations following the default of the mortgagor do not go to the making, validity, or enforcement of the mortgage); National Mortgage Co.v. McMahon, supra, 9 C.S.C.R. 301 (the plaintiff's business judgment during workout negotiations does not address the making, validity, or enforcement of the note and mortgage); First FederalBank v. Zavatsky, Superior Court, judicial district of Danbury, Docket No. 308950 (September 24, 1993, Moraghan, J.) (8 C.S.C.R. 1128, 1129) (the plaintiff's refusal to dispense funds so that the defendant could avoid foreclosure does not address the making, validity, or enforcement of the note and mortgage). It is, therefore, the court's decision that the fourth special defense should be stricken.
Fifth Special Defense
The defendant's fifth special defense alleges that the plaintiff violated the doctrine of unclean hands. "It is a fundamental principle of equity jurisprudence that for a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with `clean hands'. . . . The clean hands doctrine is applied not for the protection of the parties but for the protection of the court." (Citations omitted.) Pappas v. Pappas, 164 Conn. 242, 245-46,320 A.2d 809 (1973). The doctrine "should be applied in the trial court's discretion to promote public policy and the integrity of the courts, and is not one of absolutes." DeCecco v. Beach,174 Conn. 29, 35, 381 A.2d 543 (1977).
The Connecticut Supreme Court has applied the doctrine of clean hands in a foreclosure action. See Boretz v. Segar,124 Conn. 320, 199 A. 548 (1938). In Boretz, the actions of the plaintiff which constituted "unclean hands" related to the validity and subsequent enforcement of the deed. See Boretz v.Segar, supra, 124 Conn. 323-24. Although the "defense has generally been disallowed in this state," the doctrine of unclean hands has been recognized as a valid defense in a foreclosure CT Page 8739 action when it relates to the making, enforcement, or validity of the note. Rinere v. M. Kalfus Building Design, Superior Court, judicial district of New Haven at New Haven, Docket No. 888220 (January 30, 1997, Cellotto, S.T.R.). Accord First National Bankof Chicago v. Davis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147070 (April 30, 1996, Hickey, J.); Berkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). Here, the defendant argues that the plaintiff failed to properly accelerate the loan in accordance with the terms of the note and mortgage. (Memorandum in Support of Defendant's Objection, p. 12.) Moreover, the predicate facts allege that the plaintiff sent communications "which failed to comply with the notice requirements contained in the note and Mortgage. . . ." (Amended Answer, Brief Statement of Predicate Facts, ¶ 7(c). These allegations relate to the terms of the note and mortgage. Consequently, the defendant's fifth special defense should not be stricken.
Sixth Special Defense
The sixth special defense alleges that the plaintiff breached its fiduciary duty. A fiduciary relationship exists where "there is a justifiable trust confided on one side and a resulting superiority and influence on the other." Harper v. Adametz,142 Conn. 218, 225, 113 A.2d 136 (1955). "Ordinarily, there is no fiduciary relationship between a lender and a borrower."[4]Dime Savings Bank v. Lombardi, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145967 (May 7, 1996, Ryan, J.); Krondes v. Norwalk Savings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995, Cocco, J.); Bristol Savings v. Miller'sChevrolet, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 703524 (April 27, 1993, Satter, S.T.R.); Cooper v. Burby, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387563 (April 29, 1992, Satter, S.T.R.) (7 C.S.C.R. 591, 593). "No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer . . . without exceptional circumstances that would establish the existence of a confidential relationship. " (Internal quotation marks omitted.)Dime Savings Bank v. Lombardi, supra, Superior Court, Docket No. 145967; Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829. "A fiduciary relationship may arise where there is a long history of dealings between the [borrower] CT Page 8740 and the bank, and where the bank acts as the [borrower's] financial advisor . . . or where the bank gains the confidence of the borrower and purports to act or advise with the borrower's interests in mind." (Citations omitted; internal quotation marks omitted.) Dime Savings Bank v. Lombardi, supra, Superior Court, Docket No. 145967; Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829. See Cooper v. Burby, supra,7 C.S.C.R. 593.
The defendant alleges that the plaintiff "created an atmosphere, with the use of fraudulent, deceptive and misleading representations, wherein the Defendant, Kathleen C. Williams, came to trust that the Plaintiff and/or its agents were interested in assisting the Defendant, Kathleen C. Williams, save significant amounts of money and her credit rating by selling her home or securing financing from third party lenders." (Amended Answer, Brief Statement of Predicate Facts, ¶ 7(b)). Although the defendant apparently believed that the plaintiff sought to protect the defendant's interests, a lender "has a right to further its own interest in a mortgage transaction and is under no duty to represent the customer's interest. For the law to impose such a duty would alter the debtor-creditor relationship and preclude banks from making a profit out of the transaction." Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829; Cooper v. Burby, supra, 7 C.S.C.R. 593. See Bristol Savings v. Miller's Chevrolet, supra, 8 C.S.C.R. 504.
Furthermore, the defendant alleges that the plaintiff abused, harassed, deceived, threatened, and intimidated the defendant. For example, the defendant alleges that the plaintiff "sent, during unreasonable times and under intimidating and patently embarrassing circumstances, agents to the home of the Defendant, Kathleen C. Williams, with hand held computer systems in order to extract embarrassing, abusive, unreasonable and personal information under the guise of working out her loan." (Amended Answer, Brief Statement of Predicate Facts, ¶ 7(d)). Clearly, the plaintiff's conduct should have apprised the defendant of the fact that the plaintiff was not attempting to further her interests. As a result, the defendant's subjective reliance on the defendant was not warranted. See Krondes v.Norwalk Savings Society, supra, Superior Court, Docket No. 288829 (a borrower's subjective reliance on a lender must be justifiable).
Moreover, the defendant admits that she was represented by an CT Page 8741 attorney (see Amended Answer, Fourth Counterclaim, ¶ 18), and she could have taken the simple precaution of consulting with her attorney rather than relying upon the representations of the plaintiff. "One may not abandon all caution and responsibility for [one's] own protection and unilaterally impose a fiduciary relationship on another without a conscious assumption of such duties by the one sought to be held liable as a fiduciary."Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829. It is, therefore, the court's opinion that the sixth special defense should be stricken.
Counterclaims
The defendant contends that the first counterclaim is valid because the plaintiff breached its fiduciary duty by visiting the defendant "at her home under patently unreasonable conditions armed with hand-held computer systems under the guise of assisting the defendant in saving her home under a `one time' offer whereby the defendant would pay the plaintiff a large fee and then sell the home to a third party under conditions that were unreasonable." (Memorandum in Support of the Defendant's Objection, pp. 15, 17-18.) The defendant also argues that the second counterclaim is sufficient because the plaintiff breached the implied covenant of good faith and fair dealing by violating the Connecticut Creditor's Collection Practices Act and the Fair Debt Collection Practices Act and by failing to advise the defendant of her right to seek a judicial restructure of the loan. (Memorandum in Support of the Defendant's Objection, pp. 10, 18) The third counterclaim is sufficient, the defendant maintains, because "the allegation of avoidability is sufficiently made in that the nature of the relationship between the defendant and the plaintiff and/or its agents was such that the plaintiff's position of superiority of (sic) the defendant's position of inferiority rendered the injuries unavoidable." (Memorandum in Support of the Defendant's Objection, pp. 18-19.) These unavoidable injuries are allegedly the result of the plaintiff's unscrupulous debt collection practices. (See Amended Answers, Third Counterclaim.) Finally, the defendant maintains that the fourth counterclaim is valid because the plaintiff is a debt collector under the Fair Debt Collection Practices Act and the plaintiff violated the act when it attempted to collect the defendant's debt. (Memorandum in Support of the Defendant's Objection, pp. 19-21.)
A defendant may file counterclaims against a plaintiff CT Page 8742 "provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book § 116;Mechanics Savings Bank v. Townley Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531716 (April 7, 1994, Freed, J.) (9 C.S.C.R. 494), aff'd,38 Conn. App. 571, 662 A.2d 815 (1995); Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.), aff'd, 41 Conn. App. 908,675 A.2d 10 (1996), cert. denied, 237 Conn. 929, 678 A.2d 484
(1996); Glastonbury Bank Trust Co. v. Corbett Construction,
Superior Court, judicial district of New London, Docket No. 521355 (October 15, 1992, Walsh, J.) (7 C.S.C.R. 1320, 1321). "Where the underlying purposes of Practice Book [§ 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged." (Internal quotation marks omitted.) Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983). "Relevant considerations in determining whether the `transaction test' has been met include whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts."Jackson v. Conland, 171 Conn. 161, 166-67, 368 A.2d 3 (1976).
In a foreclosure action, the transaction at issue is the execution of a note and mortgage and the subsequent default. Bankof New Haven v. Liner, supra, Superior Court, Docket No. 034516;Glastonbury Bank Trust Co. v. Corbett Construction, supra,7 C.S.C.R. 1321; Ostrager v. Hasiuk, supra, Superior Court, Docket No. 45414. Here, the counterclaims are based upon the plaintiff's conduct while it attempted to collect the defendant's debt. It is clear, therefore, that the counterclaims do not arise out of the transaction which is the subject of the plaintiff's complaint. See Great Western Bank v. McNulty, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139799 (March 16, 1995, D'Andrea, J.) (counterclaims that are based upon actions of the plaintiff in attempting to collect on the debt do not arise out of the same transaction which is the subject of the plaintiff's foreclosure action); Ostrager v. Hasiuk, supra, Superior Court, Docket No. 45414 (a counterclaim that alleged that the actions of the plaintiff "constituted abusive, harassing, fraudulent, deceptive or misleading representations, CT Page 8743 devices or practices to collect or attempt to collect a debt" did not involve the subject of the foreclosure action.) See also Bankof New Haven v. Liner, supra, Superior Court, Docket No. 034516 (the making of the note and the subsequent default is the transaction at issue in a foreclosure action); Glastonbury Bank Trust Co. v. Corbett Construction, supra, 7 C.S.C.R. 1321 (the transaction that is the subject of a foreclosure action is the execution of a note and mortgage and the subsequent default) It is, therefore, the court's opinion that the defendant's counterclaims should be stricken.[5]
In light of the foregoing discussion, the motion to strike the defendant's first, second, fourth, and sixth special defenses and four counterclaims is granted, and the motion to strike the defendant's third and fifth special defenses is denied.
WEST, J.