[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
Before the court is the defendant's motion for judgment on the court's order granting a motion to strike a special defense filed by the defendant. The court denies the motion. The court rules that there is no such partial judgment possible where a special defense is struck. Simply because a special defense is ordered struck as duplicative of one already filed would not entitle the plaintiff to judgment against the defendant because the defendant might prevail on its denial of the complaint or other remaining special defense. In either such case, judgment would enter for the defendant. The facts pertinent to this motion are as follows: On April 23, 1998, the plaintiff filed a motion to strike the defendant's seventh special defense alleged in its third amended answer on the basis that an assumption of the risk defense is legally insufficient and that it effectively raises the same defense as the first special defense alleging comparative negligence. On July 27, 1998, the court, Flynn, J., filed a corrected memorandum of decision granting the motion to strike [22 CONN. L. RPTR. 433]. The court held that although factors relating to the assumption of the risk doctrine may be relevant to the trier of fact's CT Page 13738 consideration of comparative negligence, an assumption of the risk defense can have no independent legal sufficiency when set out separately from a comparative negligence special defense. Thus, the court held that the defendant's pleading of specifications of negligent conduct of the plaintiff, whether related to factors relevant to assumption of the risk or not, should be set out in a single special defense incorporating all specifications of contributory negligence.
On August 14, 1998, the defendant filed a notice of intent to appeal the court's ruling on the motion to strike pursuant to Practice Book § 4002D, now Practice Book (1998 Rev.) § 61-5. On the same date, the defendant filed a motion for judgment on the court's ruling granting the motion to strike, purportedly in accordance with one of the court's prior decisions, St. Amand v. Kromish, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 051663 (April 17, 1998) (Flynn, J.) (20 CONN. L. RPTR. 85).
On August 25, 1998, the plaintiff filed an objection to the motion for judgment, arguing that St. Amand v. Kromish and the Practice Book sections cited in that case allow for the entry of judgment only where such a judgment disposes of part or all of acomplaint, counterclaim or cross complaint. According to the plaintiff, there exists no provision allowing for partial judgment on a special defense and an appeal of that judgment. The plaintiff's argument is well taken.
In St. Amand v. Kromish, the court held that the proper procedure for a plaintiff seeking to appeal the granting of a motion to strike as to some counts of a complaint, while at the same time seeking to plead over other viable counts, is for the plaintiff to seek judgment against itself on the motion to strike, pursuant to Practice Book § 4002C, now Practice Book (1998 Rev.) § 61-4, in order to properly preserve the right to appeal and avoid the operation of the rule that an amended pleading removes the original pleading and the motion to strike thereto from the case. SeeSt. Amand v. Kromish, supra,20 CONN. L. RPTR. 85, citing Royce v. Westport, 183 Conn. 177,439 A.2d 298 (1981) and PL Properties, Inc. v. Schnip Development Corp. ,35 Conn. App. 46, 643 A.2d 1302, cert. denied, 231 Conn. 913,648 A.2d 155 (1994). The Practice Book sections addressing the appeal of judgments, Practice Book §§ 4002A to 4002D, now Practice Book (1998 Rev.) § 61-2 to 61-5, provide this mechanism for preservation of appeal only for appeal of judgments on all or CT Page 13739 part of a complaint, counterclaim or cross complaint, not an order granting a motion to strike a special defense.
"The granting of a motion to strike a special defense is not a final judgment and is therefore not appealable. Breen v.Phelps, 186 Conn. 86, 90, 439 A.2d 1066 (1982). The striking of special defenses neither terminates a separate proceeding nor so concludes the rights of the parties that further proceedings cannot affect them . . . Practice Book § [61-4] does not help the defendant because, although it allows appeal after judgment on certain stricken pleadings, it cannot be extended to include special defenses . . ." Breen v. Phelps, supra,186 Conn. 90." (Citations omitted.) Mechanics Savinqs Bank v.Townley Corp. , 38 Conn. App. 571, 573, 662 A.2d 815 (1995). InBreen, the Supreme Court held it could not consider that portion of the defendant's appeal that pertained to the striking of his special defenses. It ruled that issue must await review in an appeal from the final decision on the merits of the case.
The defendant moves for judgment on the court's order granting the plaintiff's motion to strike the special defense out of a concern that the filing of an amended answer will render any issue regarding the motion to strlke moot for purposes of appeal. Indeed, "[i]f [an answer] to which a [motion to strike] is sustained is voluntarily replaced by another, the substituted answer takes the place of the original one, which thereafter (unless the substitution was required by the order of the trial court) drops out of the case as fully as does a complaint for which another is substituted." (Internal quotation marks omitted.) Great Country Bank v. Pastore, 241 Conn. 423,434, 696 A.2d 1254 (1997). However, "in the case of a special defense such waiver is not automatic." Id. If a defendant complies with the procedure set out in Nowak v. Nowak,175 Conn. 112, 122, 394 A.2d 716 (1978), such an appeal will be properly preserved. See also W. Horton S. Cormier, Connecticut Practice Series: Rules of Appellate Procedure (1998 Rev. Ed.) § 61-1, authors' comments, p. 64.
There can be no judgment on an order granting a motion to strike a special defense because such a ruling does not constitute a "final judgment," and the rules for remedy by appeal under the Practice Book do not contemplate such a judgment. This is because the granting of a motion to strike a special defense in no way disposes of a cause of action, in whole or in part. Certainly, other defenses upon which the defendant may rest could CT Page 13740 prevail or the plaintiff may fail to prove the allegations of the complaint. In either case no judgment could enter against the defendant
Accordingly, the defendant's motion for judgment is denied.