[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Greenpoint Mortgage Corporation, instituted a foreclosure action for the alleged default on a note and mortgage.[1] The CT Page 7701 defendant filed an answer which included general denials, six special defenses and a three count counterclaim. The first special defense claims that the defendant made all the proper payments toward the note and mortgage, but the plaintiff breached the loan contract. In the second, the plaintiff allegedly failed to give the defendant proper notice of the default. In the third, the defendant claims that the plaintiff's loan documents "were defective and misleading," while the fourth special defense asserts that the plaintiff was scheming to defraud him. In the fifth special defense, the plaintiff alleges a breach of the terms of the note and its duty of good faith and fair dealing. In the sixth and final special defense, the defendant asserts that the plaintiff violated the Connecticut Unfair Trade Practices Act (CUTPA).
In the three count counterclaim, the defendant alleges that the plaintiff, by filing a foreclosure action, intentionally impaired the value of the defendant's collateral which prevented him from borrowing more money to cover the debt; breached its fiduciary duty as well as its implied duty of good faith and fair dealing; and violated CUTPA. The plaintiff moves to strike all six special defenses arguing that they are insufficient as a matter of law and all three counterclaim counts because they do not arise from the same transaction as the plaintiff's complaint and are legally insufficient as well.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]. . . . If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp, 240 Conn. 576, 580 (1997). "A motion to strike is properly granted if the [pleadings] allege mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc. 224 Conn. 210, 215
(1992). Specifically, a plaintiff can move to strike a special defense. Nowak v. Nowak, 175 Conn. 112, 116 (1978); Practice Book § 152(a)(5), now Practice Book § 10-39(a)(5). Furthermore, "[a] motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim." (Internal quotation marks omitted.) Fairfield Lease Corporation v. Romano's Auto Service, CT Page 77024 Conn. App. 495, 496 (1985); Practice Book § 152(a)(1), now Practice Book § 10-39(a)(1).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73 (1992). "In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionabiity of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note." (Citations omitted; internal quotation marks omitted.) NorwestMortgage v. Edwards, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 057496 (May 4, 1998,Curran, J.T.R.); Home Savings of America v. Hier, Superior Court, judicial district of Danbury, Docket No. 330825 (November 2, 1998, Moraghan, J.).
The defendant in the present case avers that he made all required payments on the note and mortgage and that the plaintiff breached the loan agreement by not applying those payments toward the note according to the contract. It is well established that payment is a special defense to an action on a note or mortgage. See Mechanics Farmers Savings Bank. FSB v. Delco DevelopmentCo., 43 Conn. Sup. 408, 421 (1993), affirmed, 232 Conn. 594, 598
(1995); Practice Book § 164, now Practice Book § 10-50. However, the "courts are consistent in holding that `[a] breach of contract claim is neither a recognized defense to a foreclosure action nor a defense in equity.'" Hunt v. Guimond, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145570 (February 8, 1996, Hickey, J.), quoting, Gateway Bankv. Herman, Superior Court, judicial district of Danbury, Docket No. 315947 (October 24, 1995, Stodolink, J.). Therefore, since the defendant's first special defense primarily claims a breach of contract, it is stricken. CT Page 7703
As to the defendant's second special defense, the Connecticut Superior Courts have held that failure to give proper notice of default is a legally insufficient special defense. Coolidge CTLimited v. 1200 Main Street Assn., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265384 (February 15, 1995, Hauser, J.). In addition, "lack of proper notice of default in a foreclosure action does not attack the making, validity or enforcement of the mortgage, nor does it show that the plaintiff has no cause of action." (Internal quotation marks omitted.) First Union National Bank v. Shaver, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 063097 (September 3, 1998, Curran, J.). Therefore, the defendant's second special defense must be stricken.
The defendant's third special defense states only that "the Plaintiff's loan documents were defective and misleading." Def.'s Answer, p. 3. This defense is unsupported by any factual allegations and "merely sets forth a legal conclusion." HomeSavings of America v. Hier, supra, Superior Court, Docket No. 330825. In ruling on a motion to strike, the court considers the pleaded facts in the light most favorable to the [nonmoving party], but not bare legal conclusions. S.M.S. Textile Mills,Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796, cert. denied, 228 Conn. 903 (1993). Since the defendant's third special defense is conclusory, it is stricken.
The Practice Book specifically lists fraud as a defense that must be specially pleaded. See Practice Book § 164, now Practice Book § 10-50. Moreover, fraud is recognized as a special defense to a foreclosure action, because it is an equitable proceeding.Home Savings of America v. Hier, supra, Superior Court, Docket No. 330825. Therefore, the defendant's fourth special defense, claiming that the plaintiff schemed to defraud him, survives a motion to strike.
"[E]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Emphasis omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 200
(1995). Furthermore, the "covenant of good faith and fair dealing has been recognized as a special defense in foreclosure actions."Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, CT Page 7704 1995, D'Andrea, J.). Taking the allegations contained in the answer in the light most favorable to the defendant, this court finds that the fifth special defense was sufficiently pleaded and the motion to strike this defense is, therefore, denied.
The defendant's sixth special defense specifically asserts that "the actions of the Plaintiff are immoral, unscrupulous, and violate Connecticut General Statutes 42-110 et seq. And give rise to lender liability." Def.'s Answer, p. 4. While CUTPA is recognized as a special defense to a foreclosure action, the allegations may not simply state legal conclusions. See ProvidentFinancial Service, Inc. v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). The defendant has pleaded insufficient facts to satisfy this court that a valid CUTPA claim exists and, therefore, the motion to dismiss the sixth special defense is granted.
The defendant's counterclaim is framed in three counts: impairment of the value of the defendant's collateral by improperly applying his payments to the debt, violation of the plaintiff's fiduciary duty and duty of good faith and fair dealing, and violation of CUTPA.
Practice Book § 116, now Practice Book § 10-10 provides in relevant part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." However, "[w]here the underlying purposes of Practice Book . . . § 116 [now § 10-10], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a counterclaim, the counterclaim may properly be expunged. "(Internal quotation marks omitted.) Mechanics SavingsBank v. Townley Corp. , 38 Conn. App. 571, 574-75 (1995).
"Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure of the mortgagor. . . . Courts CT Page 7705 have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Citations omitted.) Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.) (8 Conn. L. Rptr. 522, 524). "In a foreclosure action, the transaction at issue is the execution of a note and mortgage and the subsequent default." Knutson Mortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.).
In the present case, counts one and three of the counterclaim are claims against the actions of the mortgagor and do not address the note or mortgage, itself. The alleged misapplying of the payments which affected the defendant's collateral value involves the actions of the lender, not the loan document provisions. In addition, the defendant's CUTPA claim is based on events that took place after the note and mortgage were signed and specifically dealt with the plaintiff's behavior in attempting to collect on the loan, which is not part of the same transaction as the plaintiff's foreclosure action. See ProvidentFinancial Service, Inc. v. Berkman, supra, Superior Court, Docket No. 135310. Therefore, counts one and three of the counterclaim are stricken.
"A fiduciary relationship exists where there is a justifiable trust confided on one side and a resulting superiority and influence on the other. . . . Ordinarily, there is no fiduciary relationship between a lender and a borrower. . . . No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer . . . without exceptional circumstances that would establish the existence of a confidential relationship. " (Citations omitted; internal quotation marks omitted.) Knutson Mortgage Corp. v. Williams, supra, Superior Court, Docket No. 334486; Krondes v. NorwalkSavings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995, Cocco, J.). "[N]ormally the bank and its customer stand at arms length. The bank has a right to further its own interest in a mortgage transaction and is under no duty to represent the customer's interest." Cooper v. Burby, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387563 (April 29, 1992, Satter, S.T.R.). In the present case, there was an arms length agreement in issuing the note and mortgage. The defendant did not plead any special relationship with the lender. As a CT Page 7706 result, not only is the defendant's second count of his counterclaim, claiming a breach of fiduciary duty, not supported by the case law, but also it does not arise out of the same transaction which is the subject of the plaintiff's foreclosure action. It is, therefore, stricken.
For the foregoing reasons, the motion to strike the first, second, third and sixth special defenses, as well as the three counts of the counterclaim, is granted. The motion to strike the fourth and fifth special defenses is denied.
Moraghan, J.