[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The Plaintiff, Janet Davidi, has sued the two defendants, Schindler Elevator Corp. and the City of Stamford, in this negligence action arising out of an injury allegedly sustained when the plaintiff exited an elevator in the Stamford Transportation Center. She alleged that the elevator failed to come even with the floor when she stepped out and fell, incurring various injuries, and that the elevator was located on municipal property and maintained by Schindler Elevator pursuant to a contract between those two parties.
Stamford filed a cross complaint against Schindler Elevator Corp. alleging indemnification, bad faith, and a violation of Connecticut Unfair Trade Practices Act (CUTPA) based on a violation of the Connecticut Unfair Insurance Practices Act (CUIPA). Schindler moved to strike the second, third, and fourth counts of the cross-complaint on the ground that the claims contained therein do not arise out of the same transaction at issue in Davidi's complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions. . . ." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). The court must also, "[construe] the complaint in the manner most favorable to sustaining its legal sufficiency."Sherwood v. Danbury Hospital, 252 Conn. 193, 212-13, ___ A.2d ___ (2000).
Schindler moves on the ground that counts two, three, and four fail to arise out of the same transaction and that these counts allege "wholly separate and distinct transactions than the one alleged in . . . Davidi's Complaint." and therefore do not meet the requirements CT Page 4926 of Practice Book § 10-10. Schindler maintains that Stamford's cross complaint relies upon other negligence cases in which Schindler allegedly refused to defend or indemnify Stamford and that raising these additional factual and legal issues will hinder the prosecution and defense of Davidi's action.
Stamford argues that the second count is a contractual indemnification claim, and, as such, is expressly permitted by Practice Book § 10-10, and that the third and fourth counts of the cross complaint also "arise out of" Davidi's negligence claim because they are directly related to the indemnification claims. Stamford further contends that in order to have a viable CUTPA claim based on CUIPA, it must allege a general business practice by referring to other incidents.
Practice Book § 10-10 states in relevant part, "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . . A defendant may also file a counterclaim or cross claim under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant." The purpose of the "transactions test" is to ensure "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action . . . ." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161, 459 A.2d 525 (1983); see also Mechanics SavinasBank v. Townley Corp., 38 Conn. App. 571, 574, 662 A.2d 815 (1995);Turner v. Schlosser, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162443 (September 29, 1998,D'Andrea, J). "The transaction test . . . is one of practicality" and is within the discretion of the trial court. Southbridge Associatesv. Garofalo, 53 Conn. App. 11, 21, 728 A.2d 1114, cert. denied,249 Conn. 919, 733 A.2d 229 (1999).
Count Two (Contractual Indemnification)
Schindler asserts that count two is a breach of contract claim for failure to obtain or provide insurance for Stamford. Such a claim would be barred because the alleged failure to provide insurance did not arise out of Schindler's alleged negligence in maintaining the elevator. Conversely, Stamford asserts that the second count is a contractual indemnification claim, and Schindler concedes that if CT Page 4927 count two is in fact a contractual indemnification claim, it would be allowed pursuant to Practice Book § 10-10.
In construing the cross complaint in the light most favorable to sustaining its legal sufficiency, the court may construe count two as a contractual indemnification claim. Although count two does not contain specific language from the indemnification clause of the contract, the cross complaint reads in relevant part, "[p]ursuant to the contract between the parties, Defendant Schindler was required to protect the City's interests . . . including a contractual obligationto indemnify the City. . . ." This language creates a claim for contractual indemnification in the second count. A "transaction test" analysis therefore is not necessary, as Practice Book § 10-10
expressly allows indemnification claims to be tried along with the underlying cause of action.
Counts Three and Four (Bad Faith and CUTPA)
Schindler asserts that the factual and legal issues involved in counts three and four of the cross complaint are wholly separate from those involved in Davidi's negligence case and do not arise out of the same transaction at issue in Davidi's complaint.
The third count, a bad faith claim, alleges Schindler's failure to "defend, protect, and indemnify [Stamford] in this case and other claims and lawsuits." The fourth count of Stamford's cross complaint alleges a violation of CUTPA based on a violation of CUIPA. Stamford's CUTPA count makes reference to the "other claims and lawsuits" by incorporating paragraph six of the third count into paragraph six of the fourth count. Schindler argues that these two counts fail to meet the "transaction test" because of this reference to other incidents.
A transaction is "something which has taken place, whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." Black's Law Dictionary (5th Ed. 1979). "Relevant considerations in determining whether the `transaction test' has been met include whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts." Jackson v. Conland,171 Conn. 161, 166, 368 A.2d 3 (1976); Northwestern Electric v.CT Page 4928Rozbicki, 6 Conn. App. 417, 426-27, 505 A.2d 750 (1986); see alsoEsposito v. Connecticut College, Superior Court, judicial district of New London at New London, Docket No. 543055 (February 10, 1999,Mihalakos, J.).
The evidence presented in the plaintiff's case-in-chief as to Schindler's conduct would not be duplicated in Stamford's case-in-chief against Schindler because the primary focus of each trial would be different. For Davidi the focus is Schindler's alleged negligence is maintaining the elevator. For Stamford to successfully pursue bad faith and CUTPA claims, it would introduce evidence regarding contract provisions, insurance agreements, and past incidents not connected to Davidi's claim. Additionally, it can not be said that Stamford's ongoing dispute with Schindler arose out of Davidi's "transaction."
Accordingly, the court denies Schindler's motion to strike count two because it is a contractual indemnification claim expressly permitted by Practice Book § 10-10. As to counts three and four, the court grants the motion to strike because these claims do not meet the "transaction test."
So Ordered.
D'ANDREA, JUDGE.